[No. 11777.  Department Two. — May 24, 1887.]

## J. B. BURTON, APPELLANT, v. JOHN TODD, RESPONDENT.

EJECTMENT — LOCATION OF BOUNDARY LINE — JUDGMENT IN FORMER AC-
TION — EVIDENCE. — The action was brought to recover the possession
of a strip of land lying along the boundary line of two adjoining
ranchos severally owned by the respective parties.  On the trial, it was
stipulated that each party was the owner of the land as described in
his muniments of title, and the only point at issue was as to the proper
location on the ground of their boundary line.  The plaintiff offered in
evidence the judgment roll in a former action, brought by him against
the grantor of the defendant, wherein it was determined that the parties
were the respective owners of the ranchos, and that there was no con-
flict in their deeds with respect to the boundary line.  The court ex-
cluded the evidence.  *Held*, that the ruling was proper.

APPEAL from an order of the Superior Court of Santa
Barbara County refusing a new trial.

The facts are stated in the opinion of the court.

*A. Packard*, and *R. B. Canfield*, for Appellant.

*Fernald, Cope & Boyce*, for Respondent.

McFARLAND, J.—This is an action of ejectment in-
volving the ownership of a piece of land lying along the
boundary line of two adjoining ranchos, — the one called
"the rancho Jesus Maria," and the other, "the rancho
Todos Santos y San Antonio."  Appellant is the owner
of the former rancho, and respondent is in possession of
the land in contest as tenant of the Newhall Land and
Farming Company, who own the other rancho as suc-
cessor in interest of one H. M. Newhall.  The question
to be determined in the case was, In which of the
ranchos does the land in contest lie?  The case was tried
without a jury, and the court found for defendant.  From
an order refusing a new trial the plaintiff appeals.  The
only point made by appellant is, that the court erred in
refusing to allow appellant to introduce in evidence the

judgment roll of a former action brought by plaintiff against the said H. M. Newhall, defendant's predecessor in interest.

The rancho Jesus Maria was patented to the predecessors of plaintiff by the United States government in September, 1871, and the rancho Todos Santos was patented to the predecessors of defendant's lessor in 1876. In 1881, or thereabouts, plaintiff herein commenced an action to quiet his title to the Jesus Maria, describing it as patented, against said H. M. Newhall, who was then the owner of the Todos Santos. Newhall answered, disclaiming any interest in the Jesus Maria, and averring that he was the owner in fee-simple of the rancho Todos Santos y San Antonio, as described in the patent of the United States government to his grantors. The court found and decreed, March 26, 1881, that plaintiff was the owner in fee of the Jesus Maria as patented; that Newhall was the owner in fee of the rancho Todos Santos as patented; and that "there is no conflict whatever between the two tracts as patented by the United States where the two ranchos aforesaid adjoin." That was the case, the judgment roll of which was ruled out in the case at bar. (One Weil was also made a defendant, but his connection with the case is immaterial here.)

The judge before whom this present case was tried also presided at the trial of said case of Burton *v.* Newhall; and he ruled out the judgment roll in that case,—not because the parties in the case at bar were not bound by it, but because it was immaterial as not throwing any light upon the issue then before the court. The parties, by written stipulation, had admitted the titles to the two ranchos as established by the judgment in the case of Burton *v.* Newhall; and the only point at issue was the proper *location* on the *ground* of a part of the line between the tracts as patented.

From an examination of the record, we are unable to see how the judgment in the former case would have

aided in the determination of this point, and therefore unable to see that the ruling of the court complained of was either erroneous or harmful to appellant.

Order affirmed.

Thornton, J., and Sharpstein, J., concurred.

Hearing in Bank denied.